**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ulysses Altamirano, | No. CV-25-02257-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents, | |
| Defendant. | |

At issue is *pro se* Plaintiff Ulysses Altamirano's Motion for Exemption from PACER Fees (Doc. 36, Mot.). For the reasons below, the Court denies the Motion without prejudice.

The Public Access to Court Electronic Records (PACER) system allows users to "view and print case filings, judicial opinions, and other docket information from the federal trial, bankruptcy, and appellate courts." *In re Gollan*, 728 F.3d 1033, 1035 (9th Cir. 2013). Fees paid by users support PACER, and those fees are set by the Judicial Conference of the United States. *Id.* The Judicial Conference establishes fee exemptions to promote public access to the courts. *Id.* The published fee schedule sets forth several automatic exemptions, including that Plaintiff will receive one free electronic copy of all documents filed electronically and can view judicial opinions for free. *See Electronic Public Access Fee Schedule*, U.S. Cts. (Jan. 1, 2020), https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule. If Plaintiff chooses to access other court records through PACER, that access is free at any courthouse public access terminal

or is charged at $0.10 per page up to $3.00 per document. *Id.* The first $30.00 of PACER access over a quarterly billing cycle is free. *Id.*

The fee schedule also provides for discretionary fee exemptions for indigent litigants. A party seeking an exemption from PACER fees must demonstrate "that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *See* U.S. Cts., *supra*. "[E]xemptions should be granted as the exception, not the rule." *Id.* The fact that a party was granted *in forma pauperis* status is insufficient on its own to establish that an exemption is necessary. *Chima v. Perkins*, No. 25-cv-06385-TSH, 2025 LX 380495, at *3 (N.D. Cal. Aug. 1, 2025); *Bell v. OC 405 Partners*, No. 8:22-cv-01095-AH-(DFM), 2025 LX 448694, at *2 (C.D. Cal. Oct. 3, 2025).

Here, Plaintiff "reasonably anticipates that litigation of this case—particularly one involving multiple defendants, amended pleadings, and motion practice—will require repeated docket access exceeding that threshold." (Mot. ¶ 9.) However, Plaintiff does not state that he exceeded the automatic fee exemptions and is, thus, currently burdened by PACER fees such that an exemption is necessary. He also offers no support showing that he will exceed the automatic fee exemptions in the future. Courts in this circuit have required substantiation, such as an unpaid PACER balance or the frequency of previous PACER use, before such fees were waived for litigants. *See Chima*, 2025 LX 380495 at *3–4 (collecting cases). Plaintiff's request for PACER fee exemption is speculative and he fails to establish an unreasonable burden considering the extensive automatic fee exemptions. The Court will deny Plaintiff's Motion without prejudice, meaning Plaintiff may request a fee exemption in the future should the need materialize.

**IT IS ORDERED** denying Plaintiff's Motion for Exemption from PACER Fees (Doc. 36) without prejudice.

Dated this 17th day of December, 2025.

_____
Honorable John J. Tuchi
United States District Judge