**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ulysses Altamirano, | No. CV-25-02257-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents, | |
| Defendant. | |

At issue is *pro se* Plaintiff Ulysses Altamirano's Renewed Motion for Exemption From PACER Fees (Doc. 50, Mot.). For the reasons below, the Court grants in part and denies in part the Motion.

As the Court explained in its earlier Order (Doc. 39), the Public Access to Court Electronic Records (PACER) system allows users to "view and print case filings, judicial opinions, and other docket information from the federal trial, bankruptcy, and appellate courts." *In re Gollan*, 728 F.3d 1033, 1035 (9th Cir. 2013). There are several automatic fee exemptions for users, including one free electronic copy of all documents filed electronically and free viewing of judicial opinions. *See Electronic Public Access Fee Schedule*, U.S. Cts. (Jan. 1, 2020), https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule. If Plaintiff chooses to access other court records through PACER, that access is free at any courthouse public access terminal or is charged at $0.10 per page up to $3.00 per document. *Id*. The first $30.00 of PACER access over a quarterly billing cycle is free. *Id*.

1    A party seeking an exemption from PACER fees must demonstrate "that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *See* U.S. Cts., *supra*. "[E]xemptions should be granted as the exception, not the rule." *Id*. The fact that a party was granted *in forma pauperis* status is insufficient on its own to establish that an exemption is necessary. *Chima v. Perkins*, No. 25-cv-06385-TSH, 2025 LX 380495, at *3 (N.D. Cal. Aug. 1, 2025); *Bell v. OC 405 Partners*, No. 8:22-cv-01095-AH-(DFM), 2025 LX 448694, at *2 (C.D. Cal. Oct. 3, 2025).

Here, Plaintiff maintains that he has incurred a $156.30 unpaid PACER balance for the fourth quarter of 2025. (Mot. at 1–2.) He argues that he requires immediate docket access to prepare his responsive memorandum to Defendants' recent Motion to Dismiss and anticipates that nonpayment of the outstanding balance will result in restrictions to Plaintiff's PACER access. (*Id.*)

Plaintiff suggests that the one-free-copy exemption is insufficient because access to the copy is time-limited and he must repeatedly review case documents while drafting responses and monitoring deadlines. (Mot. at 5.) Even if true, less than 300 pages of the documents Plaintiff accessed from October 2025 through December 2025 were from the instant action. (Doc. 50-2 at 9–15.) The $30.00 fee waiver would have been more than sufficient to cover Plaintiff's access to documents for his own matter.

Rather, Plaintiff's PACER use was primarily devoted to accessing *other* cases. In fact, he accessed approximately 1,200 pages of cases that were not his own. (*See* Doc. 50-2 at 9–15.) To the extent he does this for legal research, that "is not the primary purpose of PACER. It is atypical for litigants to be given free access to documents filed in cases in which the litigant is not a party." *Woodall v. United States*, No. 1:24-CV-1410, 2024 WL 4839396, at *2 (N.D. Ohio Nov. 20, 2024) (*quoting Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764 (AT) (KHP), 2024 WL 3534451, at *2 n.1 (S.D.N.Y. July 25, 2024)). Rather than conducting legal research through PACER, *pro se* litigants use free repositories like FindLaw.com and Google Scholar, or accessing PACER court documents for free from a courthouse terminal.

     Plaintiff concedes "that some federal opinions may be available through free repositories" but argues that Defendants cite to "orders, docket entries, and related materials that are not reliably available outside PACER." (Mt. at 7.) Upon review of Defendants' recent Motion to Dismiss, however, the only documents referenced from the docket are Plaintiff's own First Amended Complaint that he surely has, and one of the Court's orders. (*See generally* Doc. 41.) Such scant references to docket items does not justify Plaintiff's excessive use of PACER. As for the substantive law, Defendants cited public statutes and published Ninth Circuit case law that are available on Google Scholar. Plaintiff identifies no case or law referenced by Defendants that are not publicly available to him outside of PACER.

     Plaintiff also acknowledges that he can access court documents for free at a courthouse terminal but contends that he "cannot practically rely on courthouse terminals as a primary access method because doing so would require repeated in-person visits, transportation costs, and scheduling constraints inconsistent with effective, timely litigation." (Mot. at 5.) Those scheduling constraints, according to Plaintiff, are his "work schedule and other obligations." (Doc. 50-3 ¶ 11.) But Plaintiff has averred to the Court that he works part-time, incurs no living costs, and has access to a vehicle for transportation. (Doc. 3.) Based on his reported income of $360 per month and current state minimum wage laws, *see* A.R.S. § 23-363(B), Plaintiff works no more than twenty-five hours in a month, or less than seven hours per week. The Court is not convinced that, as a part-time worker with reliable transportation and no living expenses, Plaintiff is without the time or resources to use local and free resources for his legal research needs.

     In sum, based on the billing records presented by Plaintiff, the automatic fee exemptions are sufficient to permit Plaintiff repeated access to court documents related to the instant action. The alternative resources for legal research are feasible given Plaintiff's previous averments of his work status and ability to transport himself locally. Accordingly, Plaintiff fails to demonstrate that the PACER fees are unreasonable or that a "research exemption" is necessary.

While the Court is disinclined to exempt Plaintiff from future PACER fees or grant him greater research access, there is still the problem of the fees that Plaintiff already incurred. As of December 2025, Plaintiff has an unpaid balance of $156.30. This amounts to nearly one-half of Plaintiff's monthly income. The Court will exempt Plaintiff from this past-owed balance to ensure he will have access to PACER and impresses upon Plaintiff that his future PACER use need be reasonable and prudent in light of the other free resources available to him.

**IT IS ORDERED** granting in part and denying in part Plaintiff's Renewed Motion for Exemption From PACER Fees (Doc. 50).

**IT IS FURTHER ORDERED** that Plaintiff shall be exempt from the payment of fees for his use of the PACER system incurred before December 2025 only. Plaintiff shall furnish a copy of this Order to the PACER Service Center.

Dated this 24th day of February, 2026.

Honorable John J. Tuchi
United States District Judge